891 F.2d 286
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
GEORGIA-PACIFIC CORPORATION; Industrial Risk Insurers,
Inc., Plaintiffs-Appellants,
v.
ERVIN AND EDWARDS CONSTRUCTION COMPANY, INC., Defendant-Appellee.
 No. 88-1383.
 United States Court of Appeals, Fourth Circuit.
 Argued: Sept. 13, 1989.
Decided: Nov. 9, 1989.
 
 Susan M. Danielski (Cozen and O'Connor, Barrett Pope, Mezzula, McCandlish & Framme, on brief), for appellants.
 Terrence Mitchell Bagley, Sr. (John M. Oakey, McGuire, Woods, Battle & Boothe, on brief), for appellee.
 Before MURNAGHAN, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Georgia-Pacific Corporation filed suit against Ervin & Edwards Construction Company, Inc. alleging that the defendant failed to perform a maintenance contract in a workmanlike manner which resulted in a fire at Georgia-Pacific's Skippers, Virginia plant. The case was tried to a jury which found for the defendant. The plaintiff appeals claiming error by the trial judge in (1) failing to allow a videotaped deposition of plaintiff's expert to be shown during trial, (2) denying Georgia-Pacific's motion in limine to prevent the mention of insurance in connection with the testimony of one of its experts and sua sponte amending the complaint to name Industrial Risk Insurers as a party plaintiff, and (3) denying the plaintiff a fair and impartial trial. We find no merit in these exceptions, and we affirm.
 
 
 2
 A recitation of the circumstances surrounding the fire at the Georgia-Pacific plant is not necessary to the understanding of this opinion. At trial Georgia-Pacific attempted to present a 111-page videotaped deposition of its expert, William Charnock, without seeking to redact irrelevant and inadmissible material from the deposition and without editing it so as to eliminate all objections and statements of counsel as provided by Local Rule 21(E) of the Rules of the United States District Court for the Eastern District of Virginia. That Rule provides:
 
 
 3
 Whenever depositions are expected to be presented in evidence, counsel shall, prior to the final pretrial conference or, if same are not then available, prior to the day of trial, review such depositions and (1) extract therefrom a short statement of the qualifications of any expert witness to be read to the jury, (2) eliminate unnecessary and/or irrelevant matters, and (3) eliminate all objections and statements of counsel to avoid reading same to a jury. In the event counsel is unable to agree on what shall be eliminated, they shall submit same to the court for a ruling thereon before the date of trial. Failure to do so will constitute a waiver of objections.
 
 
 4
 At trial the court found that the deposition contained repetitive testimony as well as over 20 objections by counsel and several discussions between counsel. The court did not exclude the entire deposition, but permitted the plaintiff to show so much of the videotape as related to the witness's qualifications as an expert. The plaintiff's attorney was then allowed to quote verbatim the expert's opinion that the fire was caused by welding sparks produced by the defendant as alleged by the plaintiff. The court also instructed the jury as to the purpose and function of expert testimony.
 
 
 5
 We find no error in the manner in which the district court handled this problem. The plaintiff failed to abide by the rules of court, but despite this failure the jury heard the expert's opinion that the fire was caused by the defendant's welders. Rule 83 of the Federal Rules of Civil Procedure explicitly provides the authority for district courts to make and amend rules, not inconsistent with the Federal Rules of Civil Procedure, governing practice within the district. Local Rule 21(E) was designed to avoid unnecessary delay. The rule is reasonable and serves the very useful purpose of making depositions easier to present and easier for the jury to understand.
 
 
 6
 At trial Georgia-Pacific wished to present as a damage expert one James Dunbar, a property adjuster employed by Industrial Risk Insurers. Plaintiff asked the court to exclude any mention of insurance during the testimony of Mr. Dunbar. It is difficult for us to imagine how the plaintiff expected this expert to testify and be subject to cross-examination without revealing that he was an employee of and claims adjuster for Industrial Risk Insurers, plaintiff's insurance carrier. His employment was relevant and admissible on the issue of bias. He was not a disinterested witness and the degree of his interest could be shown to the jury.
 
 
 7
 Georgia-Pacific opened the door on the issue of insurance, but asked the trial judge to close the door before it could be used by the defendant. Georgia-Pacific could have avoided its present dilemma by employing an expert who was not an employee of its insurance carrier. There was no error by the district court in failing to protect the plaintiff from a problem of its own making.
 
 
 8
 The pleadings should be made to reveal and assert the actual interest of the plaintiff, and to indicate the interests of any others in the claim.
 
 
 9
 United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 382 (1949). Appellant's counsel informed the trial judge that Industrial Risk Insurers had a partial interest in the case by way of subrogation, and the court required the insurance carrier to be joined as a party plaintiff and the pleadings amended accordingly. Under the rule in this circuit, where there is a partial subrogation and the action is brought in the name of the insured as real party in interest, the partially subrogated insurer may be involuntarily joined as a party plaintiff. Travelers Ins. Co. v. Riggs, 671 F.2d 810, 813 (4th Cir.1982).
 
 
 10
 After joining the insurance carrier as a party, the trial judge was careful to instruct the jury as to why the insurance company was joined, that the presence of the insurance company should not affect the verdict, and that the jury should treat an insurance company as fairly as any other entity. The joinder of Industrial Risk Insurers was proper under Federal Rule of Civil Procedure 17(a) and the decisions of this circuit.
 
 
 11
 We find no merit in the claim of Georgia-Pacific that it was denied a fair and impartial trial by the actions of the district judge. A review of the record indicates that the judge was doing his job in trying to move the case along, and he was provoked because the attorneys had not complied with the local rules in stipulating certain facts and agreeing on the admissibility of certain exhibits. At no point did the remarks of the court or its questions to witnesses indicate any partiality towards one side or the other. The trial judge is the governor of the trial as we made clear in Simon v. United States, 123 F.2d 80, 83 (4th Cir.), cert. denied, 314 U.S. 694 (1941).
 
 
 12
 It cannot be too often repeated, or too strongly emphasized, that the function of a federal trial judge is not that of an umpire or of a moderator at a town meeting. He sits to see that justice is done in the cases heard before him; and it is his duty to see that a case on trial is presented in such way as to be understood by the jury, as well as by himself. He should not hesitate to ask questions for the purpose of developing the facts; and it is no ground of complaint that the facts so developed may hurt or help one side or the other.
 
 
 13
 We find no error by the district judge in the conduct of this trial.
 
 
 14
 AFFIRMED.